Dear Mr. Ciaccio:
On behalf of the Board of Commissioners (the "Board") of the Lakeview Crime Prevention District (the "District"), you have requested an Attorney General's opinion regarding the legality of a proposed transfer of District funds by the Board to the Lakeview Civic Improvement Association (the "Association"), a private, non-profit corporation. We note that the District was established pursuant to LSA-R.S. 33:2740.36, to "aid in crime prevention and to add to the security of district residents by providing for an increase in the presence of law enforcement personnel in the district."
According to your correspondence, the District began providing security patrols for Lakeview in February of 1999. Although the Board had hoped to commence providing patrols in January of 1999, your letter states that the Board did not do so due to unavailability of tax funds, lack of liability insurance, and continued negotiations with the City of New Orleans for provisions of patrols.
You advise that during the month of January, 1999, the Association paid for security patrols in the Lakeview area, as it had for 15 years prior to 1999. You further advise that the District had not entered into any agreement with the Association regarding these patrols, nor had the District previously voted to reimburse the Association for any patrol related expenses.
The Association has, however, voted to seek reimbursement from the District if such reimbursement is legally possible. You therefore seek our opinion as to whether such reimbursement would be lawful.
Implicitly, your request must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits the state and its political subdivisions from loaning, pledging or donating public funds, credit, property or things of value to or for any person, association or corporation, public or private. This constitutional provision has been interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal RiskAgency, 439 So.2d 399 (La. 1983), which held that the constitution is violated whenever the state or a political subdivision gives up something of value when it is under no obligation to do so.
This office is unaware of any provision of law which would obligate or authorize the use of public funds to reimburse expenses voluntarily undertaken by a private entity in the absence of a valid cooperative endeavor agreement between the political subdivision and the private entity. In light of the fact that the patrol expenses in question were not made pursuant to a cooperative endeavor agreement, it is the opinion of this office that the use of District funds to reimburse the Association for those expenses would violate the provisions of La. Const. Art. VII, Sec. 14(A).
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
RPI:JMZB:jv